## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

### MDL No. 381.

United States District Court, E.D. New York.

July 8, 1983.

---

* Of the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant The Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agriculture & Nutrition Company, Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for defendant Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley, Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

John M. Fitzpatrick, Dilwarth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Corp.

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

Arvin Maskin and Gretchen Leah Witt, Civil Division, Department of Justice, Washington, D.C., for the United States of America.

## PRETRIAL ORDER No. 57

GEORGE C. PRATT, Circuit Judge.*

By memorandum dated July 7, 1983, defendant Diamond Shamrock Corporation appeals from the special master's ruling directing additional discovery concerning Diamond Shamrock's document retention policy. On June 30, 1983, the special master directed that the depositions of three employees of Diamond Shamrock be taken to aid in determining whether any documents relevant to this litigation were destroyed pursuant to a directive dated May 16, 1983.

The court has carefully considered Diamond Shamrock's memorandum and the attached exhibits. Contrary to Diamond Shamrock's claims, this order for depositions of three employees about the circumstances surrounding what at best can be described as an ill-timed destruction of documents does not necessarily mean that the plaintiffs can "embark on a burdensome discovery program" for irrelevant matters. It is in the interests of both parties that the circumstances surrounding this document destruction be clarified immediately so that we all will know whether or not it will affect the proof and inferences that will be permitted at trial. The special master's order is consistent with the philosophy of the Federal Rules of Civil Procedure that a party should be able to obtain information relevant to the subject matter of the action and that relevancy should be construed lib-

---

* Of the U.S. Court of Appeals for the Second Circuit, sitting by designation.

erally. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 2008. Diamond Shamrock has failed to make any showing that good cause exists to enter a protective order pursuant to Fed.R.Civ.P. 26(c).

Accordingly, the special master's order is approved.

SO ORDERED.